## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MELISSA S. FENNER,

          Plaintiff,                        Case No. 21-10180
                                         District Judge Paul D. Borman
v.                                   Magistrate Judge Jonathan J.C. Grey

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

          Defendant.

_____

## REPORT AND RECOMMENDATION ON
## CROSS-MOTIONS FOR SUMMARY JUDGMENT

Melissa s. Fenner seeks judicial review of the final decision of the
Commissioner of Social Security ("Commissioner") denying Fenner's application
for Social Security Disability Income under the Social Security Act. Fenner filed a
motion for summary judgment (ECF No. 13), the Commissioner filed a response
and cross-motion for summary judgment (ECF No. 15), and Fenner filed a reply
(ECF No. 16).

For the following reasons, the Court **RECOMMENDS** that Fenner's motion
for summary judgment be **GRANTED**, that the Commissioner's motion for

summary judgment be **DENIED**, and that the case be **REMANDED** for further proceedings.

## I.    Background

### A. Procedural History

Fenner applied for benefits on or about July 20, 2018, alleging disability beginning January 28, 2018. (Tr. 67, 150.[1]) The Social Security Administration denied her application. Fenner requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 100) On February 20, 2020, ALJ Patricia S. McKay held a hearing at the Social Security Administration Office of Hearings Operation in Oak Park, Michigan. (Tr. 33-65) Fenner appeared with an attorney and testified. (*Id.*) The ALJ also received testimony from Zachary Matthews, a vocational expert. (*Id.*) In her March 27, 2020 decision, the ALJ found that Fenner was not disabled. (Tr. 12, 26.) The Appeals Council denied review on December 7, 2020, which made the ALJ's decision final. (Tr. 1; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543–44 (6th Cir. 2004)).

### B.  The ALJ's Application of the Disability Framework

Under the Social Security Act, disability insurance benefits and supplemental security income are available only for those who have a "disability."

---

[1] The administrative record appears on the docket at ECF No. 11. All references to it are identified as "Tr."

*Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (definition used in the disability insurance benefits context); *see also* 20 C.F.R. § 416.905(a) (definition used in the social security income context).

The Commissioner determines whether a claimant is disabled through a five-step sequential analysis. 20 C.F.R. §§ 404.1520, 416.920. First, if the claimant is engaged in significant gainful activity, no disability will be found. Second, if the claimant does not have a severe impairment or combination of severe impairments for a continuous period of at least 12 months, no disability will be found. Third, if the claimant's severe impairment meets or equals one of the impairments listed in the regulations, the claimant will be found disabled. Fourth, if the claimant can perform their past relevant work or has residual functional capacity ("RFC"), no disability will be found. Fifth, even if the claimant is unable to perform their past relevant work, benefits are denied if the claimant can adjust to other work in view of their age, education, and work experience. If the Commissioner "makes a dispositive finding at any point in the five-step process," the evaluation will not proceed to the next step. *Colvin*, 475 F.3d at 730.

The claimant bears the burden of proof through step four, in which they must show "the existence and severity of limitations caused by [their] impairments and the fact that [they] are precluded from performing [their] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner in which the Commissioner must show that "other jobs in significant numbers exist in the national economy that [the claimant] could perform given [their] RFC and considering relevant vocational factors." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007).

Fenner was 62 years old on the alleged disability onset date. (Tr. 21.) She earned a college degree in French in 1979. (Tr. 57.)  Previously, she worked as a secretary and bookkeeper. (Tr. 21.)

The ALJ applied the five-step disability analysis. At step one, the ALJ found that Fenner had not engaged in substantial gainful activity since the alleged onset date of January 28, 2018. (Tr. 17.) At step two, the ALJ found that Fenner had the following severe impairments: proteinuria[2]/IgA nephropathy[3], kidney stones with chronic kidney disease, and obesity. (Tr. 18, 44.) At step three, the ALJ found no

---

[2] Proteinuria occurs when excessive proteins build up in an individual's urine and is common in individuals with kidney disease. *Dorland's Illustrated Medical Dictionary* (32nd ed. 2012).

[3] IgA nephropathy, also known as immunoglobin nephropathy or Berger's disease, is a kidney disease that occurs when the immunoglobin antibody builds up in kidneys and can result in inflammation that weakens the kidneys' ability to separate waste from blood. *Dorland's Illustrated Medical Dictionary* (32nd ed. 2012); Mayo Clinic Definition, available at https://www.mayoclinic.org/diseases-conditions/iga-nephropathy/symptoms-causes/syc-20352268 (last visited July 15, 2022).

4

evidence that Fenner's impairments met or medically equaled one of the listings in the regulations. (Tr. 20-21.) Next, the ALJ determined that Fenner has the RFC to perform sedentary work with limitations:

> [Fenner can] occasionally climb stairs, crouch, crawl, kneel, stoop, and bend; and

> [Fenner should] avoid workplace hazards, such as dangerous, moving machinery and unprotected heights (so the claimant is not able to climb ladders, ropes, or scaffolds).

(Tr. 21.) The ALJ denied Fenner benefits, having found that Fenner can perform past relevant work as a secretary with her RFC. (Tr. 25-26.) Accordingly, the ALJ found that Fenner was not disabled. (Tr. 26.)

## I.   Discussion

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final administrative decision. The Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations and internal quotations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. In determining whether substantial evidence

supports the ALJ's decision, the Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted); *see also Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

If the Commissioner's decision is supported by substantial evidence, it "must be affirmed even if the reviewing court would decide the matter differently . . . and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). The substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). Moreover, the ALJ is not required to discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).

The Court's review is limited to an examination of the record. *Bass*, 499 F.3d at 512–13. The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) (citation omitted).

## B. Analysis

This matter is before the Court on the single issue of whether substantial evidence exists to support the ALJ's finding that Fenner could return to past secretarial work despite immunoglobin transfusions she receives every three weeks that last about five or six hours. VE Matthews testified that if the transfusions occurred during work hours, their frequency would cause too many absences to work. (Tr. 62). Fenner argues that the ALJ erred in having found that Fenner could have the transfusions on the weekend and that Fenner met her burden to show that the treatments precluded her from work. The Commissioner contends that substantial evidence exists to support the ALJ's finding, and that Fenner failed to establish that the medical treatments could only regularly take place during the week.

The Sixth Circuit provides that "[a] claimant's testimony may be discounted if it is contradicted by the medical reports and other evidence in the record." *Harley v. Comm'r of Soc. Sec.*, 485 F. App'x. 802, 804 (6th Cir. 2012) (citation omitted). Pursuant to Social Security Ruling ("SSR") 16-3p, an ALJ must analyze the consistency of the claimant's statements with objective medical and other evidence in the claimant's record. SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017.

As the parties note, Fenner bears the burden to establish at Step Four that

she cannot perform past relevant work. *Jones*, 336 F.3d at 474. However, the

Commissioner must establish substantial evidence supports the ALJ's decision.

*Rogers,* 486 F.3d at 241. In *Miller v. Astrue*, the court remanded a case to the

Commissioner where it was unclear whether a plaintiff's two-hour weekly

injections could be scheduled outside normal work hours. *Miller v. Astrue*, 2013

WL 360375, *2 (S.D. Ohio Jan. 30, 2013). Conversely, in *Pryor v. Commissioner*

*of Social Security*, the court affirmed the Commissioner's decision to deny

benefits, where it found that the plaintiff failed to present any facts or medical

opinions that the required physical therapy occurred on a rigid schedule which

precluded work. *Pryor v. Comm'r*, 2015 WL 12683977, *7 (E.D. Mich. Aug. 21,

2015), report and recommendation adopted, 2015 WL 6735336, *1, 2 (E.D. Mich.

Nov. 4, 2015).

At the ALJ hearing, this dialogue occurred as to the schedule of Fenner's

immunoglobin treatments:

> Q. And it takes six hours, when you go to the hospital?
> A. Yes.
> . . .
> A. And generally, over the years, I've noticed it's about six hours.
> Sometimes longer.
> . . .
> Q. All right. Are they open on weekends?
> A. They do not like to set appointments on weekends. I have had a Saturday
> one, but usually, it's Monday through Friday.

(Tr. 53.)

Fenner also answered questions about her termination for insubordination and her subjective assessment of her ability to return to work:

> Q. Okay. Do you think you could've kept doing the job, other than the interaction you were having with those two people?
> A. No. The other problem that I had, on the job, was being docked for everything I had to do. You know, like doctors' appointments, I tried -- wanted to use a lunch hour, part of the time, to count for being at the doctor's and, you know, taking time off for the infusions. So I'd made it difficult to come up with hours, and it just -- I was getting more and more fatigued, so it was hard to do. And I just know that I was really pushing my limits.

(Tr. 55-56.)

The ALJ found that Fenner's transfusions "can be completed on weekends" and denied disability. (Tr. 24, 26.) However, Fenner testified that she previously had one prior weekend transfusion, that such weekend appointments were disfavored by the hospital, and that the time she took off for appointments caused difficulty with her past work. (Tr. 53.) It is unclear as to whether Fenner's sole prior weekend transfusion can be replicated; and if so, how frequently weekend transfusions can occur. However, it appears that if the transfusions cannot occur regularly on the weekends, Fenner cannot work. (Tr. 62.) Unlike the claimant in *Pryor*, Fenner did introduce facts to put the treatment schedule at issue. *Pryor v. Comm'r*, 2015 WL 12683977 at *7. The ambiguity merits remand. *Miller*, 2013 WL 360375 at *2. Given the colloquy with Fenner, the VE testimony, and the instructive *Miller* and *Pryor* cases, there is insufficient evidence to support the

ALJ's conclusion that Fenner is not disabled, and her transfusions can be completed on weekends. *Rogers*, 486 F.3d at 241.

The ALJ's findings are not supported by substantial evidence since nothing in the record undermines Fenner's testimony that weekend appointments are difficult to secure. That testimony undercuts the ALJ's finding that Fenner is not disabled.

## II.    Conclusion

As stated above, the ALJ's Step 5 determination is supported by less than substantial evidence. Accordingly, it is **RECOMMENDED** that the Court **GRANT** Fenner's motion for summary judgment, **DENY** Commissioner's motion for summary judgment, and **REMAND** the case pursuant to 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this Report and Recommendation. Upon remand, Fenner is entitled to a new hearing and the ALJ should be directed to re-evaluate the Step 4 and Step 5 findings as necessary and to assure their consistency.

Dated:   July 25, 2022                    s/**Jonathan J.C. Grey**
                                          Jonathan J.C. Grey
                                          United States Magistrate Judge

### Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

### Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System on July 25, 2022.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager

11